✓ FILED          ___ RECEIVED
___ ENTERED      ___ SERVED ON
             COUNSEL/PARTIES OF RECORD

JUL 29 '15

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

1  Adam Rose, Esq. pro hac vice pending
   LAW OFFICE OF ROBERT L. STARR
2  23277 Ventura Boulevard
   Woodland Hills, California 91364-1002
3  Telephone: (818) 225-9040
   Facsimile: (818) 225-9042
4
   SHANNON LISS-RIORDAN, ESQ. pro hac vice pending
5  HAROLD LICHTEN, ESQ. pro hac vice pending
   LICHTEN & LISS-RIORDAN, PC
6  729 Boylston Street, Suite 2000
   Boston, MA 02116
7  Telephone: (617) 994-5800
   Facsimile: (617) 994-5801
8
   LAW OFFICES OF KRISTINA L. HILLMAN
9  KRISTINA L. HILLMAN, ESQ. (NSB 007752)
   1594 Mono Avenue, P.O. Box 1987
10 Minden Nevada 89423
   Telephone: (775) 770-4832
11 Facsimile: (775) 782-6932

12 Attorneys for Plaintiff Diane Desio

13                UNITED STATES DISTRICT COURT

14                     DISTRICT OF NEVADA

15 DIANE DESIO, individually, and on behalf     ) CASE NO.:
   of similarly situated individuals,           )
16                                              ) COLLECTIVE ACTION
                Plaintiffs,                     ) COMPLAINT
17                                              )
         v.                                     ) 1. FLSA Violations
18                                              )
                                                )
19 CRAZY HORSE III GENTLEMEN'S CLUB             )
   AT THE PLAYGROUND d/b/a/ CRAZY               ) **2:15-cv-01440**
20 HORSE III GENTLEMEN'S CLUB, a                )
   business organization form unknown;          )
21 CRAZY HORSE III GENTLEMEN'S                  )
   CLUB, a business organization form           )
22 unknown; CRAZY HORSE 111 LAS                 )
   VEGAS, and DOES 1 to 100,                    )
23                                              )
                Defendants.                     )
24

25

26                      JURISDICTION AND VENUE

27      1.    The court has subject matter jurisdiction under 29 U.S.C. § 201 *et seq.*

28 and 28 USC § 1331.

-1-
COLLECTIVE ACTION COMPLAINT

2. Venue is proper in Las Vegas because the defendants are located in Clark County.

### AGENCY, PARTIES AND BACKGROUND

3. Plaintiff Diane Desio ("Plaintiff") is a resident of Clark County, Nevada. Desio was a topless dancer, hostess, entertainer, erotic dancer and stripper employed by CRAZY HORSE III, GENTLEMEN'S CLUB AT THE PLAYGROUND d/b/a/ CRAZY HORSE III GENTLEMAN'S CLUB, a business organization doing business at 3525 Russell Road, Las Vegas, Nevada 89118.

4. CRAZY HORSE III GENTLEMEN'S CLUB AT THE PLAYGROUND d/b/a/ CRAZY HORSE III GENTLEMEN'S CLUB and is an establishment where live topless, semi-nude or partially clothed dance entertainment is presented to adult members of the general public, hereinafter referred to as "Crazy Horse", or Defendants.

5. Defendant CRAZY HORSE III GENTLEMEN'S CLUB AT THE PLAYGROUND d/b/a/ CRAZY HORSE III GENTLEMEN'S CLUB, ("Crazy Horse", Defendants) is an active Nevada Domestic Corporation duly registered with the Nevada Secretary of State with and is, on information and belief, an owner/operator of CRAZY HORSE III GENTLEMEN'S CLUB and/or CRAZY HORSE III LAS VEGAS.

6. Plaintiff and the collective action members that plaintiff seeks to represent are/were hired by Defendants as exotic dancers to perform topless, semi-nude and/or bikini entertainment for Defendants and their customers without payment of any minimum wages or overtime pay.

7. Each Defendant and the Doe defendants were each the owner, shareholder, officer, director, agent, principal, employer, and/or employee of one or more of the named Defendants, and at the time of the actions herein alleged, was acting within the course and scope of his or her ownership, corporate relationship,

1  employment or agency, with the express and/or implied permission and consent of
2  the named Defendants. Therefore all Defendants are responsible for the damages
3  alleged in the Complaint, referred to as "Crazy Horse" or Defendants.

## INTRODUCTION

8. Plaintiffs are exotic dancers for Crazy Horse, an adult business in Las Vegas Nevada. Plaintiffs were all treated as independent contractors by the defendants, however they were in fact employees under the FLSA.

9. This lawsuit is a result of defendants' failure to pay Plaintiff and other similarly situated exotic dancers who are members of the collective action, minimum wage and overtime because defendants' improperly claim that as independent contractors the dancers were not entitled to minimum wage or overtime.

## COLLECTIVE ACTION ALLEGATIONS

10. The collective action is defined as all exotic dancers who worked at Crazy Horse during the three year period before the filing the complaint through entry of judgment.

11. The members of the collective action are so numerous that it is impracticable to join all members.

12. There are questions of law and fact common to the collective action, and the claims of Plaintiff are typical of the claims.

13. Plaintiff will fairly and adequately protect the interests of the collective action member employees, as they are similarly situated employee dancers.

14. Plaintiff has retained counsel experienced in collective action litigation, and Plaintiff and her counsel will vigorously pursue the claims for Plaintiff herself and the collective action member employees.

15. The prosecution of separate actions by individual members would create a risk of inconsistent and/or varying judgments against defendants.

16. A collective action is also superior to other available methods for the fair and efficient adjudication of this controversy, as the collective action members are all similarly situated.

## FACTUAL ALLEGATIONS

17. Plaintiff and the class members have worked as exotic dancers at Crazy Horse. Their duties included: a) dancing and stripping on stage at the direction and control of the Defendants; b) entertaining customers off-stage, at the bars and couches and tables surrounding the bar at the direction of employer Defendants, all to the profit of employer Defendant Crazy Horse. Defendants controlled all aspects of the dancers' work. In fact, the dancers composed the central part of the Defendants' business model. Without the employee dancers, there would be no viable business at Crazy Horse.

18. As a further condition of employment, Plaintiff and similarly-situated employees were immediately required upon entry into Crazy Horse; a) to sign in and pay the cashier of Crazy Horse an $80 dance or house fee for the opportunity to work at Crazy Horse; b) immediately pay penalties or money owed Crazy Horse (penalties, fees, fines and other fees allegedly previously owed Crazy Horse; c) pay a $20 stage fee to exempt Plaintiff from having to perform stage dances, d) agree to work a minimum number of hours in a shift often longer than eight hours per day and over 40 hours per week without payment of minimum wages or overtime pay; e) required to work double shifts; f) were prohibited from leaving the work premises early; g) were required to tip-out the employer's employees, including but not limited to the DJ's, Managers and House Mother, and obtain the DJ's, Managers' and House Mothers' signatures on the "check-out slip" before Plaintiff and similarly-situated employees were allowed to physically leave Crazy Horse; h) prohibited from leaving the work premises with customers; i) prohibited from dating or socializing with patrons/customers away from the business; j) required to work certain shifts; k)

told how to conduct themselves in the manner in which they entertain customers; l) prohibited from leaving the premises without compensating Defendants with a portion of earned tips, and (m) required to wear certain costumes and accessories. Failure to follow each of Crazy Horse's rules resulted in termination of the dancer's employment or dancers were forced to pay unreasonable/unlawful fines/fees, kickbacks and/or suffer other punitive monetary or other actions by the managers, owners and/or operator(s) of Crazy Horse. Plaintiff and the similarly situated dancer employees worked within the statutory period.

19. Plaintiff and similarly situated dancers were subject to discipline, including termination, suspension, fines, double fees and threatened with termination if they failed to follow the clubs' employment rules and regulations set forth by employer Defendant Crazy Horse, its owners, operators and managers on a routine basis if the dancers did not follow the rules and regulations.

20. The Defendants failed to pay plaintiffs and the class minimum wage as required by 29 U.S.C. § 206.

21. Plaintiff and the collective action members were not paid overtime wages for work in excess of eight hours in a day, or forty hours in a week, in violation of 29 U.S.C. § 207, even though they often worked more than 40 hours a week.

22. Plaintiff and similarly-situated employees were/are required by the defendant Crazy Horse to tip or "tip out" Defendants' employees in violation of 29 U.S.C. § 203. Further, in violation of 29 U.S.C. § 203, Plaintiff and collective action members were required to pay Crazy Horse 20% of all of their credit card dance fees and any tips paid on customer's credit cards payable to Crazy Horse.

CLAIM FOR RELIEF

FLSA Collective Action for Payment of Minimum Wages, Overtime and Backpay

23. Plaintiff and the similarly situated employees she seeks to represent incorporate by reference the previous paragraphs of the complaint.

-5-
COLLECTIVE ACTION COMPLAINT

24. The Fair Labor Standards Act applies because Plaintiff and similarly situated class members were actually employees under the FLSA and were and are engaged in commerce pursuant to 29 CFR § 776.10.1.

25. Also, under the alternative enterprise test, the FLSA applies because Crazy Horse has employees engaged in commerce, and has annual gross volume sales made or business done over $500,000.

26. An aggrieved employee may file a lawsuit to recover for violations of the Fair Labor Standards Act pursuant to 29 USC § 216(b) on behalf of himself or herself and all others similarly situated; this is a collective action.

27. Attached is Plaintiff's consent to be a party plaintiff.

28. According to 29 USC § 216(b), employees who bring a civil action under the FLSA may obtain back-pay, liquidated damages, injunctive relief, interest, and attorney fees.

29. Pursuant to 29 USC § 206, an employer must provide at least the minimum wages for all hours worked, and 29 USC § 207 provides that overtime wages must be paid by the employer when the employee works more than 40 hours per week.

30. Since Defendants did not pay any minimum wage or overtime compensation whatsoever, Plaintiff and the collective action members are entitled to all remedies under the FLSA.

WHEREFORE, Plaintiff prays for the following:
1. That this action may be maintained as a collective action;
2. Payment of all unpaid minimum and overtime wages, including liquidated damages for the willful violations, plus interest;
4. Restitution of all unlawful deductions taken from the wages;
5. For restitution of wrongfully withheld wages and tips;
6. Attorney fees and costs;

8. Other relief the court deems proper.

Date: July 27, 2015                    LAW OFFICE KRISTINA L. HILLMAN

By: _____
Attorney for Plaintiff
Diane Desio

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Date: July 27, 2015                    LAW OFFICE OF KRISTINA L. HILLMAN

By: _____
Attorney for Plaintiff
Diane Desio

**CONSENT TO JOIN COLLECTIVE ACTION**
**Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)**
Diane Desio v. Crazy Horse III, Gentleman's Club at the Playground
d/b/a Crazy Horse III Gentleman's Club, et al.,
District of Nevada

Name: Diane Desio

Address: [illegible handwriting]

Telephone: [illegible] (home)    (work) _____ (cell)

Email: [illegible]@gmail.com

1. I consent to become a "party-plaintiff" in a lawsuit against Crazy Horse III Gentleman's Club at the Playground d/b/a Crazy Horse III, et al. I understand that this lawsuit is brought under the Fair Labor Standards Act, and I hereby consent, agree, and opt in to become a plaintiff herein and to be bound by any judgment by the Court.

Signature: Diane Desio    Date: 7/15/15