# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DIANE DESIO, individually, and on behalf of similarly situated individuals, ) ) | Case No.: 2:15-cv-01440-GMN-CWH |
| Plaintiffs, ) | |
| v. ) | **ORDER** |
| RUSSELL ROAD FOOD AND BEVERAGE, LLC dba CRAZY HORSE III GENTLEMEN'S CLUB, ) ) ) | |
| Defendant. ) | |

RUSSELL ROAD FOOD AND BEVERAGE, LLC dba CRAZY HORSE III GENTLEMEN'S CLUB,

                  Counterclaimant,

      v.

DIANE DESIO, individually, and on behalf of similarly situated individuals,

                  Counterdefendant.

Pending before the Court is the Motion to Dismiss Defendant's Counterclaims[1] (ECF No. 30) filed by Plaintiff/Counterdefendant Diane Desio ("Plaintiff"). Defendant/Counterclaimant Russell Road Food and Beverage, LLC ("Defendant") filed a Response (ECF No. 35), and Plaintiff filed a Reply (ECF No. 37).

---

[1] In addition to Plaintiff's Motion to Dismiss Defendant's Counterclaims (ECF No. 30), Plaintiff separately filed a Memorandum of Points and Authorities in Support of the Motion to Dismiss Defendant's Counterclaims (ECF No. 31).  The Court collectively refers to these documents as "Plaintiff's Motion to Dismiss."

Also pending before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint.[2] (ECF No. 33).  Defendant filed a Response (ECF No. 36), and Plaintiff filed a Reply (ECF No. 38).  For the reasons discussed below, Plaintiff's Motion to Dismiss Defendant's Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED** in part and **DENIED** in part, and Plaintiff's Motion for Leave to File Second Amended Complaint is **GRANTED**.

## I.   BACKGROUND

This matter arises out of a dispute over allegedly unpaid wages owed to Plaintiff, who worked as an exotic dancer at Crazy Horse III Gentlemen's Club. (*See* Pl.'s First Am. Compl. ("FAC"), ECF No. 25).  Plaintiff seeks compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (*See id.* ¶¶ 5–6).  Plaintiff claims that Defendant treated her as an independent contractor, although Plaintiff was an employee under the FLSA. (*Id.* ¶ 8). Based on those allegations, Plaintiff further claims that Defendant failed to pay Plaintiff minimum and overtime wages. (*Id.* ¶ 9).

In conjunction with its Answer, Defendant asserted the following five counterclaims: (1) breach of contract-offset,[3] (2) breach of the implied covenant of good faith and fair dealing, (3) conversion, (4) unjust enrichment, and (5) declaratory judgment. (Def.'s Ans. & Countercls. 19:18–27:23, ECF No. 28).  Defendant alleges it entered into an Entertainers Agreement (the "Agreement") with Plaintiff, wherein Plaintiff agreed that she was not Defendant's employee and was "not entitled to receive by law or pursuant to [the Agreement's terms] any of the

---

[2] Similar to Plaintiff's Motion to Dismiss, Plaintiff filed a Motion for Leave to File Second Amended Complaint (ECF No. 33) and a separate Memorandum of Points and Authorities in Support of the Motion for Leave to File Second Amended Complaint (ECF No. 34).  The Court collectively refers to these documents as Plaintiff's Motion for Leave to File Second Amended Complaint ("Plaintiff's Motion to File SAC").

[3] Defendant collectively claims breach of contract and offset.  However, the Court finds that the issue of offset is more properly addressed as an affirmative defense (which Defendant pleads).  Accordingly, offset is reserved for a future ruling after further development of the factual record given that it is not pertinent to the resolution of the motion presently before the Court. *See Wagoner v. N.Y.N.Y., Inc.*, No. 1:14-cv-480, 2015 WL 1468526, at *5, *7 n.6 (S.D. Ohio Mar. 30, 2015).

benefits or privileges" provided to Defendant's employees. (*Id.* 18:6–10).  Defendant further alleges that as consideration for the "privilege to perform at Crazy Horse III," Plaintiff agreed to pay a "House Fee," as stated in the Agreement.  (*Id.* 17:16–19).  Furthermore, Defendant alleges that "[i]n return for the payment of the House Fee, [Plaintiff] retained all the fees [she] generated and gratuities paid to [her] by patrons of the Crazy Horse III for the performance of individual dances." (*Id.* 17:20–23).  Additionally, Defendant alleges that the Agreement permitted Plaintiff to "redeem 'Dance Dollars' issued to the patrons of Crazy Horse III for a percentage fee based on the face value of the Dance Dollars redeemed."[4] (*Id.* 17:23–26).  Defendant argues that by bringing this suit, Plaintiff now seeks to repudiate the Agreement. (*Id.* 19:7–12).

On December 8, 2015, Plaintiff filed its Motion to Dismiss Defendant's Counterclaims. (ECF No. 30).  In that motion, Plaintiff argues that Defendant's counterclaims should be dismissed because the counterclaims rely on the "faulty premise that the Plaintiff somehow 'repudiated' a written agreement to be an independent contractor."[5] (Pl.'s Mot. to Dismiss at 5, ECF No. 31).  Additionally, Plaintiff filed a Motion to File SAC, in which Plaintiff argues that Defendant's counterclaims violate 29 U.S.C. § 213(a)(3) of the FLSA and seeks to add a claim against Defendant based on the alleged violation. (Pl.'s Mot. File SAC at 5, ECF No. 33–34).

## II.    LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on

---

[4] Defendant provides no further explanation regarding Dance Dollars.

[5] Plaintiff also argues that Defendant's counterclaims must be dismissed because the claims are essentially claims for indemnification, which the FLSA does not permit.  The Court declines to adopt Plaintiff's characterization of Defendant's counterclaims.  Defendant does not suggest that Plaintiff shares fault in any potential FLSA violation, as would be the case if Defendant was seeking indemnity.  Rather, Defendant is seeking dance fees and the cash value of Dance Dollars in excess of Plaintiff's claim, should Plaintiff prevail on her FLSA claim.

which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Rule 12(b)(6) applies equally to a counterclaim. *See King County v. Rasmussen*, 299 F.3d 1077, 1090 (9th Cir. 2002) (affirming 12(b)(6) dismissal of defendant's counterclaims).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). In addition to the Rule 15(a) requirements, the District of Nevada Local Rules require that a plaintiff submit a proposed, amended complaint along with a motion to amend. D. Nev. R. 15–1(a).

III.   **<u>DISCUSSION</u>**

    **A. Federal Rule of Civil Procedure 12(b)(6) Dismissal**

        Plaintiff's first motion seeks to dismiss all of Defendant's counterclaims under Federal Rule of Civil Procedure 12(b)(6). (Pl.'s Mot. to Dismiss, ECF No. 30). The Court will address the adequacy of each of these counterclaims in turn.

        **1. Breach of Contract**

        In Nevada, to succeed on a counterclaim for breach of contract a defendant must show: (1) the existence of a valid contract; (2) that defendant performed or was excused from performance; (3) that the plaintiff breached the terms of the contract; and (4) that the defendant was damaged as a result of the breach. *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement.") (quotations omitted); *see also Brochu v. Foote Enterprises, Inc.*, No. 55963, 2012 WL 5991571, at *5 (Nev. Nov. 29, 2012) ("To prove a breach of contract, the plaintiff must show an existing valid agreement with the defendant, the defendant's material breach, and damages.").

        Here, while Defendant alleges that it entered into the Agreement with Plaintiff, (Def's Ans. & Countercls. 19:23–26, ECF No. 28), and it performed according to the terms of the contract, (*id.* 20:21–23), Defendant fails to sufficiently plead that Plaintiff breached the terms of the contract. First, Defendant asserts that by claiming to be an employee under the FLSA, Plaintiff breached the terms of the Agreement. (*Id.* 21:16–18). More specifically, Defendant alleges that under the Agreement's terms, Plaintiff represented, acknowledged, and agreed that she was not an employee of Defendant and as such, was not entitled to receive any of the benefits or privileges otherwise provided to Defendant's employees. (*Id.* 18:5–10). However, an employee's "FLSA rights to minimum wage and overtime pay cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart

the legislative policies it was designed to effectuate." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981).  "[A]n agreement to pay less than the minimum wage requirements[ ] cannot be utilized to deprive employees of their statutory rights." *Id.* at 741 (quoting *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 602–03 (1944)).  As such, this alleged provision of the Agreement is invalid since it operates as an impermissible waiver of Plaintiff's rights under federal wage laws.  Accordingly, terms and conditions of the Agreement which tend to abridge or waive Plaintiff's employee rights cannot form the basis for a breach of contract counterclaim.

Similarly, Defendant's additional allegations do not adequately plead breach of contract. Specifically, Defendant alleges Plaintiff breached terms of the Agreement both by refusing to return dance fees paid to Plaintiff by Crazy Horse III patrons and by refusing to return the cash value of the Dance Dollars that Plaintiff redeemed, "since [Plaintiff] now seek[s] to be deemed [an employee of Defendant]." (Def.'s Ans. & Countercls. 21:18–28).  However, Defendant does not clearly identify terms in the Agreement providing that dance fees or the cash value of Dance Dollars are Defendant's exclusive property which would be returned to Defendant should the Court find that Plaintiff is an employee.[6]

Furthermore, Defendant also fails to properly allege the fourth element of a breach of contract counterclaim—that Defendant was damaged as a result of Plaintiff's alleged breach. Defendant merely states that it was damaged by Plaintiff's breach "in excess of the jurisdictional requirement of this Court." (*Id.* 22:8–11).  However, Rule 12(b)(6) requires more than a formulaic recitation of the elements of a claim. *Twombly*, 550 U.S. at 555.  As such, the Court finds that Defendant's damage allegation is conclusory, and therefore, Defendant also fails to adequately plead the fourth element of a breach of contract counterclaim.

---

[6] Neither party provides a copy of the Agreement.

Accordingly, because Defendant fails to properly allege that Plaintiff breached the Agreement and any damages, Defendant's breach of contract counterclaim is dismissed. To the extent that Defendant bases its breach of contract counterclaim on Plaintiff seeking to be declared an employee under the FLSA, this counterclaim fails as a matter of law and is therefore dismissed with prejudice. However, Defendant's breach of contract counterclaim is dismissed without prejudice to provide Defendant leave to amend to allege additional facts demonstrating breach on the basis that the dance fees or the cash value of Dance Dollars are Defendant's exclusive property and damages thereof.

### 2.  Breach of the Implied Covenant of Good Faith and Fair Dealing

To succeed on a counterclaim for breach of the implied covenant of good faith and fair dealing, a defendant must show: (1) plaintiff and defendant were parties to an agreement; (2) plaintiff owed a duty of good faith to the defendant; (3) plaintiff breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) defendant's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (per curiam). In Nevada, an implied covenant of good faith and fair dealing exists in every contract. *Consol. Generator–Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998) (per curiam); *see also Nelson v. Heer*, 163 P.3d 420, 427 (Nev. 2007) ("[A]ll contracts impose upon the parties an implied covenant of good faith and fair dealing, which prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other."). A party may assert a claim for its breach "[w]here the terms of a contract are literally complied with but one party to the contract deliberately countervenes [sic] the intention and spirit of the contract." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–23 (Nev. 1991).

Here, Defendant alleges that it entered into the Agreement with Plaintiff and that Plaintiff had a duty to comply at all times and in good faith with each term of the Agreement. (Def.'s Ans. & Countercls. 22:19–26). Furthermore, Defendant alleges that Plaintiff breached

her duty of good faith by accepting and retaining the benefits of the Agreement "while seeking to repudiate" and "be declared an employee of Russell Road contrary to the express terms" of the Agreement. (*Id.* 22:26–23:4). However, seeking employee status cannot be characterized as a repudiation of the Agreement since, as discussed above, terms indicating that Plaintiff is not Defendant's employee are impermissible waivers of Plaintiff's rights under federal wage laws. Because such terms are invalid, Plaintiff cannot have a duty to comply with them.

Accordingly, the Court finds that Defendant's counterclaim for breach of the implied covenant of good faith and fair dealing fails to show a plausible claim for relief as a matter of law. Federal Rule of Civil Procedure 15 permits courts to freely give leave to amend, "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Accordingly, the Court finds that leave to amend Defendant's counterclaim for breach of the implied covenant of good faith and fair dealing would be futile, and this counterclaim is dismissed with prejudice.

### 3. Conversion

A claim for conversion requires an allegation of "a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights." *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1048 (Nev. 2000) (quoting *Wantz v. Redfield*, 326 P.2d 413, 414 (Nev. 1958)).

Here, Defendant alleges that in the event Plaintiff is deemed Defendant's employee, Plaintiff is not entitled the dance fees and the cash value of Dance Dollars because these monies "are the exclusive personal property of Russell Road and not of its employees." (Def.'s Ans. & Countercls. 24:7–11). However, Defendant also alleges that the parties had an Agreement which provided that Plaintiff retain such monies. (*Id.* 17:20–26). As such, Defendant has not sufficiently pled that Plaintiff's retention of the monies was "inconsistent" or

"in derogation" of Defendant's rights. *See Evans*, 5 P.3d at 1048.  While the Court must accept Defendant's allegations as true for purposes of a motion to dismiss, to survive such a motion, a claim must still have "facial plausibility" that allows the court to draw a "reasonable inference." *See Iqbal*, 556 U.S. at 678.  The Court need not accept contradictory allegations as true. *See Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995) ("General, conclusory allegations need not be credited, however, when they are belied by more specific allegations of the complaint."); *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1205–06 (11th Cir. 2007) ("Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations.").  Because Plaintiff's retention of dance fees and the cash value of Dance Dollars is pursuant to the Agreement, Defendant has not sufficiently alleged a wrongful dominion. The Court dismisses this counterclaim without prejudice and gives Defendant leave to amend to allege additional facts that signify the monies were exclusively Defendant's personal property at the time of retention.

### 4. Unjust Enrichment

"The doctrine of unjust enrichment 'applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for].'" *Leasepartners Corp v. Robert L. Brooks Trust*, 942 F.2d 182, 187 (Nev. 1997) (quoting 66 Am. Jur. 2d *Restitution* § 11 (1973)).  In Nevada, the elements of an unjust enrichment counterclaim are a benefit conferred on the plaintiff by the defendant, appreciation by the plaintiff of such benefit, and acceptance and retention by the plaintiff of such benefit under circumstances such that it would be inequitable for the plaintiff to retain the benefit without payment. *See Unionamerica Mtg. v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981) (citations omitted).

Here, Defendant alleges that it relied on terms of the Agreement in which Plaintiff acknowledged and agreed that she was not Defendant's employee, and based on this reliance, Defendant permitted Plaintiff to retain dance fees and a portion of the cash value of Dance Dollars. (Def.'s Ans. & Countercls. 25:15–27).  Defendant further alleges that in the event Plaintiff is deemed Defendant's employee, then Plaintiff has been unjustly enriched to Defendant's detriment by retaining the dance fees and the cash value of Dance Dollars that Plaintiff, as Defendant's employee, would not be entitled to retain. (*Id.* 26:1–11).  Defendant, however, does not provide sufficient facts to support its allegation that Plaintiff would not be entitled to retain such monies, should Plaintiff be deemed Defendant's employee.  As currently pled, this unjust enrichment counterclaim is premised on the same arguments as the counterclaims addressed above, and for that reason, cannot succeed.  To rule otherwise would allow Defendant to circumvent comprehensive wage laws that are "intended to protect all individuals performing covered work, and would undermine the deterrent role of the FLSA." *Wagoner*, 2015 WL 1468526, at *1.

Accordingly, the Court finds that Defendant has not sufficiently pled a counterclaim for unjust enrichment.  This counterclaim is dismissed without prejudice, with leave to amend to provide any additional facts supporting Defendant's allegation that Plaintiff would not be entitled to retain the dance fees and the cash value of Dance Dollars.[7]

### 5.  Declaratory Judgment

Defendant's fifth claim for relief requests a declaratory judgment under N.R.S. § 30.040(1) and 28 U.S.C. § 2201 "determining that the [Agreement] with [Plaintiff] is valid and enforceable and [Plaintiff was] not [an employee] of [Defendant] under the [FLSA]." (Def.'s Ans. & Countercls. 27:15–19).

---

[7]  Defendant also asserts unjust enrichment as an affirmative defense. (Def.'s Ans. & Countercls. 10:1–4).  If Defendant is unable to provide the necessary factual assertions to sufficiently plead this claim upon leave to amend, this deficiency will not preclude Defendant's unjust enrichment affirmative defense.

Under Nevada law, actions for declaratory judgment may be maintained pursuant to N.R.S. § 30.040, which provides:

> Any person interested under a deed, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

Nev. Rev. Stat. § 30.040(1).  Similarly, under 28 U.S.C. § 2201(a), "In a case of actual controversy within its jurisdiction," a court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

Here, Defendant alleges that it entered into the Agreement with Plaintiff, thereby alleging it is an "interested party" to a written contract under both N.R.S. § 30.040(1) and 28 U.S.C. § 2201(a). (*See* Def.'s Ans. & Countercls. 26:25–28).  Defendant further alleges that a question exists as to the validity of the Agreement, "since Plaintiff now seeks to repudiate" the Agreement's terms and be declared an employee entitled to the benefits and privileges afforded to such employees under the FLSA. (*Id.* 27:7–14).  These allegations demonstrate the element of the existence of genuine issue over the construction and validity of the Agreement, as well as a statute under which Defendant may obtain a declaration of its rights pursuant to N.R.S. § 30.040(1).  The foregoing allegations also identify a federal statute—the FLSA—in which Defendant has an interest and under which Defendant seeks a determination of its rights and status, pursuant to 28 U.S.C. § 2201(a).

Accordingly, Defendant has pled the existence of sufficient facts supporting a claim for declaratory relief pursuant to N.R.S. § 30.040(1) and 28 U.S.C. § 2201(a), and Defendant's counterclaim for declaratory judgment survives.

### B.  Plaintiff's Motion for Leave to File Second Amended Complaint

Plaintiff's proposed amendment seeks to add a claim against Defendant for unlawful retaliation under the FLSA. (Proposed SAC ¶ 36, Ex. 1 to Pl.'s Mot. to File SAC, ECF No. 34-1).  However, Defendant argues that Plaintiff's Motion for Leave to File Second Amended Complaint is futile and therefore must be denied. (Def.'s Resp. to Mot. to File SAC 4:22–23, ECF No. 36).

 "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  In determining whether a proposed amendment is futile, the Court looks to whether it "would survive a challenge of legal insufficiency under Federal Rule of Civil Procedure 12(b)(6)." *JPMorgan Chase Bank, N.A. v. KB Home*, 740 F.Supp.2d 1192, 1197 (D. Nev. 2010) (citing *Miller*, 845 F.2d at 214).  For the reasons discussed below, the Court finds that Plaintiff's proposed amendment is not futile.

The FLSA's anti-retaliation provision provides that it is unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA]." 29 U.S.C. § 215(a)(3).  Claims pursuant to § 215(a)(3) require that a plaintiff make a prima facie showing of "(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010).  Furthermore, "[a]n action taken by an employer is retaliatory if 'a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a[n]' FLSA complaint." *McBurnie v. City of Prescott*, 511 F. App'x 624, 625 (9th Cir. 2013) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)

1   (explaining Title VII's anti-retaliation provision, which is substantially identical to the FLSA's

2   anti-retaliation provision)).

3           Here, the first element of an FLSA retaliation claim is not disputed.  The parties agree

4   that Plaintiff initiated this action against Defendant seeking unpaid wages—activity which is

5   protected by the FLSA.  (*See* Proposed SAC ¶ 24); (*see also* Def.'s Resp. to Mot. to File SAC

6   9:23–24).  Additionally, Plaintiff alleges that Defendant filed baseless counterclaims with a

7   retaliatory motive so as to constitute an adverse employment action against Plaintiff. (Pl.'s Mot.

8   to File SAC at 5–7, ECF No. 34).  To support the contention that Defendant's counterclaims are

9   baseless, Plaintiff cites Supreme Court precedent stating that an employee's rights under the

10  FLSA "cannot be abridged by contract or otherwise waived." (*Id.* at 7) (quoting *Barrentine*,

11  450 U.S. at 740).  Plaintiff argues that filing a lawsuit to enforce her employee rights cannot

12  constitute repudiation of an independent contractor agreement, and therefore, Defendant's

13  counterclaims are baseless. (*Id.* at 7–8).

14          Furthermore, Plaintiff alleges Defendant's counterclaims were brought with a retaliatory

15  motive as an attempt to "discourage any other dancers from asserting their right to wages under

16  the FLSA." (*Id.* at 12–13).  More specifically, Plaintiff argues that Defendant's counterclaims

17  threaten to take from Plaintiff and any other dancer who chooses to join in this action "virtually

18  all of the dance fees they received from customers, as well as threatens to require the Plaintiff

19  and other participating dancers to pay the Defendant's attorney fees and costs." (Pl.'s Reply at

20  8–9, ECF No. 38).  Plaintiff contends that "[w]hen faced with such a threat, a reasonable exotic

21  dancer would absolutely be deterred from asserting her rights under the FLSA." (*Id.*).

22          Plaintiff's allegations sufficiently plead a prima facie case for a retaliatory claim under

23  the FLSA.  As such, the Court finds that Plaintiff's proposed amended complaint "would

24  survive a challenge of legal insufficiency under Federal Rule of Civil Procedure 12(b)(6)," and

25

is therefore not futile. *See JPMorgan Chase Bank, N.A*, 740 F. Supp. 2d at 1197 (citing *Miller*, 845 F.2d at 214).  Accordingly, Plaintiff's Motion to File SAC (ECF No. 33) is granted.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Defendant's Counterclaims (ECF No. 30) is **GRANTED in part and DENIED in part**.  The following counterclaims are **Dismissed without prejudice**, with leave to amend consistent with this Order: (1) breach of contract, (2) conversion, and (3) unjust enrichment.  Moreover, Defendant's counterclaim for breach of the implied covenant of good faith and fair dealing is **Dismissed with prejudice**.  Furthermore, Plaintiff's Motion to Dismiss is **Denied** with respect to Defendant's declaratory judgment counterclaim.

**IT IS FURTHER ORDERED** that Defendant shall have until **September 21, 2016**, to file Amended Counterclaims.  Failure to file amended counterclaims by this date shall result in the Court **dismissing** the following counterclaims **with prejudice**: (1) breach of contract, (2) conversion, and (3) unjust enrichment.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 33) is **GRANTED**.  Plaintiff shall have until **September 21, 2016**, to file its Second Amended Complaint.

**DATED** this ___9___ day of September, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge