Adam Rose, Esq. pro hac vice
LAW OFFICE OF ROBERT L. STARR
23901 Calabasas Road, #2072
Calabasas, California 91302
Telephone: (818) 225-9040
Facsimile: (818) 225-9042

SHANNON LISS-RIORDAN, ESQ. pro hac vice
HAROLD LICHTEN, ESQ. pro hac vice
LICHTEN & LISS-RIORDAN, PC
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801

LAW OFFICES OF KRISTINA L. HILLMAN
KRISTINA L. HILLMAN, ESQ. (NSB 007752)
1594 Mono Avenue, P.O. Box 1987
Minden, Nevada 89423
Telephone: (775) 770-4832
Facsimile: (775) 782-6932

Attorneys for Plaintiff Diane Desio

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DIANE DESIO, individually, and on behalf of similarly situated individuals,<br>   Plaintiff,<br> vs.<br>RUSSELL ROAD FOOD AND BEVERAGE, LLC dba CRAZY HORSE III GENTLEMEN'S CLUB, Does 1 to 10,<br>   Defendant. | Case No.: 2:15-cv-01440-GMN-CWH<br><br>**STIPULATION AND ORDER EXTENDING THE SCHEDULING ORDER TO ALLOW TIME FOR THE PARTIES TO DISCUSS MEDIATION**<br><br>**(SEVENTH REQUEST)** |
| RUSSELL ROAD FOOD AND BEVERAGE, LLC dba CRAZY HORSE III GENTLEMEN'S CLUB,<br>   Counterclaimant,<br> vs.<br>DIANE DESIO, individually, and on behalf of similarly situated individuals, Does 1 to XX, and Roe Business Entities I through XX,<br>   Counterdefendants. | |

MORAN BRANDON
BENDAVID MORAN
ATTORNEYS AT LAW
630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

Plaintiff, DIANE DESIO, individually and all of those similarly situated, ("Plaintiff") and Defendant, RUSSELL ROAD FOOD AND BEVERAGE, a Nevada Limited Liability Company, d/b/a/ CRAZY HORSE III GENTLEMEN'S CLUB ("Defendant"), by and through their undersigned attorneys, submit to the Court the following Stipulation and Order for Extension/Modification of the current Scheduling Order pursuant to LR IA 6-1 and LR 26-4 (a), so that the parties can discuss mediation.

The Plaintiff in this case asserts claims for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., on behalf of herself and all other similarly situated individuals who performed as exotic dancers at the Defendant's club, Crazy Horse III. On September 29, 2017, the Court granted the Plaintiff's Motion for Conditional Certification pursuant to 29 U.S.C. § 216(b), and authorized the Plaintiff to issue notice of this collective action by mail, email, and text message to all current and former exotic dancers who performed at Crazy Horse III at any time since January 2, 2014. [Docket No. 67]. In that same Order, the Court granted the Plaintiff's Motion to Toll the Statute of Limitations until the Defendant could produce a list of potential class members along with their mailing addresses, email addresses, and cell phone numbers. Id. at pp. 12-14. Because there are over 5,000 potential class members in this case, the Defendant required additional time to compile a list of potential class members' names, addresses, email addresses, and telephone numbers. As a result, the parties previously stipulated to extend the time allotted for the Defendant to produce a class list to January 22, 2018, to extend the deadline for the Plaintiff's counsel to issue notice to potential class members to February 8, 2018, and to extend the tolling of the statute of limitations for absent potential class members to February 8, 2018.



MORAN BRANDON
BENDAVID MORAN
ATTORNEYS AT LAW
630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE:(702) 384-8424
FAX: (702) 384-6568

On January 22, 2018, the Defendant, through its counsel, produced a class list to Plaintiff's counsel pursuant to the Court's scheduling order [Docket No. 79]. Since that time, the parties have been engaged in mediation discussions for the purpose of negotiating a collective action settlement. The parties are currently working together to agree on a private mediator and to set a mediation date. However, the current deadline for the Plaintiff to issue notice to potential class members of their opportunity to opt in to this collective action was February 8, 2018, and if the parties are to conduct mediation it will need to be done before notice is issued to the class.[1] Therefore, the parties have agreed to jointly stipulate, pursuant to Local Rule 26-4(d), to revise the scheduling deadlines in this case as set forth below:

- By no later than March 7, 2018, the parties shall agree to schedule a mediation that will take place by no later than May 11, 2018; in the event that the parties are ultimately unable to agree upon mediation, the parties shall submit a joint stipulation to the Court by March 7, 2018, to reset the schedule for the issuance of class notice and all subsequent litigation deadlines;
- All scheduling order deadlines stayed, and the statute of limitations for absent potential class members is tolled, pending mediation.

This is the parties' seventh joint request for extension of the scheduling deadlines.[2]

---

[1] In the event the parties successfully negotiate a collective action settlement at mediation, the parties would agree on a notice to be issued to potential class members notifying them of their opportunity to opt-in to the settlement.

[2] Pursuant to Local Rule 26-4(a), the parties report that they have exchanged and responded to written discovery, the Plaintiff's deposition was taken on December 19, 2016, and the Plaintiff took a deposition of Defendant's Person Most Knowledgeable on August 19, 2016. Pursuant to Local Rule 26-4(b), the parties

MORAN BRANDON
BENDAVID MORAN
ATTORNEYS AT LAW
630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

Page 3 of 6

DATED this 27th day of February, 2018.

---

report that the remaining discovery to be completed includes discovery related to the claims of potential class members who submit signed opt-in forms during the 60-day opt-in period set forth in the Court's Order granting conditional certification. It is anticipated that in the event a settlement is not reached at mediation, there will need to be additional written discovery after potential class members have had the opportunity to opt-in to join the Plaintiff's collective action.



MORAN BRANDON BENDAVID MORAN

*/s/ Jeffery A. Bendavid, Esq.*
JEFFERY A. BENDAVID, ESQ.
Nevada Bar No. 6220
STEPHANIE J. SMITH, ESQ.
Nevada Bar No. 11280
630 South 4th Street
Las Vegas, Nevada 89101
(702) 384-8424

KAMER ZUCKER ABBOTT

*/s/ Gregory J. Kamer, Esq.*
GREGORY J. KAMER, ESQ.
Nevada Bar No. 0270
KAITLIN H. ZIEGLER, ESQ.
Nevada Bar No. 013625
3000 W. Charleston Blvd., #3
Las Vegas, Nevada 89102
(702) 259-8640
*Attorneys for Defendant*

LAW OFFICE OF ROBERT L. STARR

*/s/ Adam Rose, Esq.*
23901 Calabasas Road #2072
Calabasas, CA 91302

LITCHEN & LISS-RIORDAN

*/s/ Shannon Liss-Riordan, Esq.*
Shannon Liss-Riordan, Esq.
Harold Lichten Esq.
729 Boylston Street, Suite 2000
Boston, MA 02116

LAW OFFICE OF KRISTINA L. HILLMAN

*/s/ Kristina L. Hillman, Esq.*
1594 Mono Avenue, P.O. Box 1987
Minden, NV 89423
*Attorneys for Plaintiff*

IT IS SO ORDERED.

C.W. Hoffman, Jr.
United States Magistrate Judge

Dated: February 28, 2018

