# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DIANE DESIO, individually, and on behalf of similarly situated individuals,

        Plaintiffs,

vs.

RUSSELL ROAD FOOD AND BEVERAGE, LLC dba CRAZY HORSE III GENTLEMEN'S CLUB,

        Defendant.

Case No.: 2:15-cv-01440-GMN-CWH

**ORDER**

Pending before the Court is Plaintiff Diane Desio's ("Plaintiff's") Unopposed Motion for Approval of Collective Action Settlement, (ECF No. 109). Plaintiff's Motion states that the parties reached a settlement as to the claims in this case, with a gross settlement amount of $1.6 million (the "Settlement"). (Mot. Approval 3:23–4:9). The parties accordingly seek the Court's approval of that Settlement as a fair and reasonable resolution of this matter.

At this time, several issues impede the Court's approval. The first issue is that the Court only conditionally certified the collective action based on Section 216 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (*See* Order at 3:15–5:5, 5:24–8:3, ECF No. 67). The Motion does not discuss whether final certification of the collective action is needed to approve the Settlement. Though courts in this District have found final certification unnecessary in certain collective actions under the FLSA, the parties neglect to address the issue here. *See Gamble v. Boyd Gaming Corp.*, No. 2:13-cv-01009-JCM-PAL, 2016 WL 3693743, at *4 (D. Nev. July 11, 2016) (discussing whether final certification was needed to approve the parties' proposed settlement in an FLSA collective action).

The next issue is that the Motion appears to request approval of the Settlement through a one-step process involving a hearing. (Mot. Approval at 6:10–19). Indeed, the Settlement Agreement states, "at the hearing on the Motion for Approval, the Parties will . . . submit an Order Approving Claimant's Settlement, and *Approving Settlement Notices* and *Related Materials*." (Settlement Agreement at 4–5, ECF No. 109-2) (emphasis added). The Motion does not, however, include exhibits of the proposed Settlement Notices or Related Materials for the Court's review prior to that expected hearing. Nor does the Motion clarify whether any plaintiffs have already received notice of the settlement terms before the parties moved for approval. Thus, the Court cannot fully evaluate potential issues related to the procedure and scope of settlement notices which could arise from granting Plaintiff's Motion and approving the Settlement at this stage. *See Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1176 (S.D. Cal. 2016) (discussing the court's concern that "not all of the 65 opt-in plaintiffs received formal notification of the settlement terms before the parties moved for approval"); *Gamble*, 2016 WL 3693743, at *12 (D. Nev. July 11, 2016).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff, or the parties jointly, shall file a supplemental brief by June 28, 2019, addressing the issues identified in this Order.

**DATED** this __10__ day of June, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court