UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DIANE DESIO, individually, and on behalf of similarly situated individuals,

    Plaintiffs,

v.

RUSSELL ROAD FOOD AND BEVERAGE, LLC dba CRAZY HORSE III GENTLEMEN'S CLUB, and DOES 1 to 10,

    Defendants.

CASE NO.: 2:15-cv-01440-GMN-DJA

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

Plaintiff brought Fair Labor Standards Act ("FLSA") claims for alleged minimum-wage and overtime violations on behalf of herself and similarly situated exotic dancers who performed at Russell Road Food and Beverage, LLC d/b/a Crazy Horse Gentlemen's Club ("Russell Road"). The Court conditionally certified this case as a collective action on September 29, 2017. (ECF No. 67).

The parties reached a settlement in November 2018 as a result of a private mediation.

The Motion for Settlement Approval was heard on September 19, 2019. No opposition to the Settlement Approval Motion was filed or received.

Having fully reviewed the Settlement Approval Motion, including all supplemental filings in support thereof, (ECF Nos. 109, 111, and 120), and based on Counsel's representations at the Approval Hearing, the Court hereby makes the following findings and conclusions:

1. This Order Granting Approval of FLSA Settlement incorporates the Settlement Agreement in this action on May 1, 2019 ("Settlement"), (ECF No. 109-2).

2. Consistent with the definitions provided in the Settlement, and except as provided herein, the Settlement applies to all Claimants, which includes Plaintiff and any additionally joined person who timely submitted a completed and verified Opt-in Form and opted in to the Action by midnight on October 6, 2018.

3. Adequate notice has been disseminated to all Claimants. First, all potential opt-in Plaintiffs were provided notice of their rights to join this collective action, the effect of joining, and the effect of not joining this case via a Court-approved FLSA notice following conditional certification.

4. Following negotiation of the Settlement, Claimants who opted-in to this Action were informed by their counsel of the terms of the Settlement, were provided with a copy of the Settlement Agreement, were informed of the manner in which their settlement share would be calculated, were told of the amount of attorney's fees that were being requested from the Settlement Fund, and were invited to contact their counsel with any questions or concerns. This notice was disseminated in April 2019 and again in August 2019 via electronic mail to all those Claimants who had provided their email address to Counsel, and via regular mail where no email address had been provided. Based on the representations of counsel, the Court finds that no Claimant has objected to the Settlement or otherwise responded negatively to the notice from their Counsel that this matter had been resolved, and a number of Claimants have responded favorably to information regarding the Settlement. Thus, the Notice fully satisfied the requirements of all applicable federal and state laws, and the United States Constitution.

5. No Plaintiff or Claimant (and more broadly, no one at all) filed an objection to the proposed Settlement, and no Plaintiff or Claimant appeared at the noticed Approval Hearing to object to the Settlement.

6. The proposed FLSA collective action comprised of all Claimants meets the requirements for certification as a collective action under 29 U.S.C. § 216(b), for the purposes of this Settlement only, because the Claimants were similarly situated, as previously set forth in the Court's Order granting conditional certification. (*See* ECF No. 67).

7. This Court concludes that the Settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions and reflects a reasonable compromise over issues that were actually in dispute under the FLSA and their potential damages (if any) that they are entitled to recover under the FLSA. The proposed Settlement Fund amount of $1,600,000.00 is fair and reasonable to the Settlement Class Members when balanced against the probable outcome of further litigation in relation to potential decertification of an FLSA collective action, liability issues, damages issues, and potential appeals.

8. This Court concludes that significant investigation, formal and informal discovery, research, and litigation have been conducted such that Counsel for the Parties at this time are able to reasonably evaluate their respective positions; settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further pursuit of the litigation; the proposed settlement has been reached as the result of intensive, serious and non-collusive negotiations between the Parties and their Counsel, and facilitated by an experienced mediator; and no one has objected to the Settlement.

9. This Court concludes that the scope of the release as set forth in the Settlement Agreement and explained at the hearing is reasonable and appropriate in its scope, as it releases only all federal and state "wage-and-hour" claims, as defined in the Settlement Agreement.

10. Plaintiff's Counsel requests an award of attorney's fees of one-third of the common fund, $533,333.00. Under a lodestar crosscheck, the requested award of attorney's fees is 1.62 times the total lodestar based on counsel's reported 691.75 hours of work on this litigation.

11. The Court finds that: 1) Plaintiffs' Counsel's request falls within the range of reasonableness; 2) the hourly rates charged by Class Counsel are reasonable for the jurisdictions in which they practice and the number of hours expended on the litigation by Class Counsel was also reasonable; 3) the fee is justified because Plaintiffs' Counsel took this matter on a

contingency fee basis bearing significant risk, and invested substantial time and expense in two rounds of mediation, four years of litigation, review of substantial data prior to mediation, and continued communication with approximately 300 clients and 4) the result achieved by Class Counsel for the Claimants also justifies the fee award sought.

12. The payment of fees to Class Counsel shall be made from the Settlement Fund in accordance with the terms of the Settlement Agreement.

13. This Court also approves and orders payment of a $20,000 Service Award to the Named Plaintiff, Diane Desio, for her services as collective action representatives and as consideration for providing a release to Defendants in accordance with the Settlement Agreement.  The Court finds, based on counsel's representations, that Ms. Desio has invested approximately 50 hours of her time in responding to discovery, preparing for and attending deposition, and otherwise assisting counsel in investigation, litigation, and negotiations in this matter.  These efforts justify the requested service award in the amount of $20,000. Payment of the Named Plaintiff's Service Award must be made from the Settlement Fund in accordance with the terms of the Settlement Agreement.

14. Pursuant to the terms of the Parties' Settlement Agreement, the first payment under the Settlement shall begin by October 18, 2019 and each subsequent payment will be made by the 20th of each month until the total sum is paid.

**ORDER**

Based on the findings and conclusions above, **IT IS HEREBY ORDERED** that Plaintiffs' Unopposed Motion for Approval of FLSA Collective Action Settlement, (ECF No. 109), is **GRANTED** and the Settlement is deemed to be in good faith, fair, reasonable, and adequate.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**, and the Clerk of Court is directed to **CLOSE THIS CASE with the Court retaining jurisdiction to enforce the settlement.**

Dated this  29  day of September, 2019.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT